When the agreement was executed, the plaintiff was a large creditor of Willis's, and approved of the contract, as securing to him payment of part of his debt. The vessel was not completed according to the contract, either as to the time or manner. But the defendant afterwards, knowing what Williams had done, approved of it, took possession of the vessel, and used it as his own.
The plaintiff brought an action of assumpsit against the defendant to recover the sum contracted to be paid to him under the agreement; for which he obtained a verdict. *Page 384 
A motion is made for a new trial, on two grounds:
1. That an action of assumpsit will not lie.
2. If it will, that the nonperformance of Willis's part of the contract relieves the defendant from the plaintiff's claim.
Suppose, in this case, Rodman had signed the deed, still no action could be maintained by Dickinson, for the contract was with Willis. Then, what is the effect of his assent? It can only be coextensive with the deed. It may, however, be said that it is to be inferred from the case that Rodmanpromised Dickinson, still it recurs that the promise must necessarily relate to the terms of the written contract; and when assumpsit is brought by Dickinson, it is in the very nature of such action to allow the defendant the full benefit of all the equitable circumstances of the case, and these, in the present case, will be best ascertained by inquiring what they would have been if Willis had brought the present action; for it would be strange to say that in a case where no consideration moved from Dickinson, either by his yielding any benefit or sustaining any loss, that as promise made to him by one of the parties of a contract to which he was a stranger should place him in a better situation than a party would stand. Indeed, it would seem strange if he could, in such case, support any action.
If, then, Willis had brought his action of assumpsit upon the assent of Rodman, what could he have recovered under the facts of this case? Not the full price Rodman was to pay; for he had not fully completed his contract, and it is evident from the written contract that the money was not to be paid till after finishing the vessel. But the vessel was taken into possession by Rodman, and converted to his use. He, therefore, should not hold it and pay nothing, but must pay what she was worth. That worth, for aught which appears, may be greatly below Rodman's own debt; and there can be little equity in taking from the pocket of one losing creditor and placing it in the pocket of another, where they are both equally unfortunate, and one has not contributed to the loss of the other. The present plaintiff, therefore, cannot recover, and the (529) rule for a new trial must be absolute.
NOTE. — See Peck v. Gilmer, 20 N.C. 249. *Page 385